## ALBERT E. JOHNSON v. AMERICAN SURETY COMPANY OF NEW YORK.[1]

June 5, 1925.

No. 24,758.

**Defendant surety entitled to judgment on pleadings.**

In this action by a sheriff on the bond of his deputy, a judgment was properly ordered for defendant surety, on the pleadings, where the complaint failed to show any loss to plaintiff by reason of the deputy's wrongdoing.

1. See Pleading, 31 Cyc. p. 608.

Action in the district court for Traverse county. From a judgment on the pleadings granted by Flaherty, J., plaintiff appealed. Affirmed.

*W. B. Mitton*, for appellant.
*D. J. Leary*, for respondent.

STONE, J.

This action is by a sheriff against the surety on the bond of his deputy. Judgment on the pleadings was ordered for defendant and plaintiff appeals.

[1]Reported in 204 N. W. 158.

There must be an affirmance for the simple reason that the complaint fails to show that plaintiff, obligee, has suffered any loss, or is under any liability, because of the alleged misappropriation by the deputy of the surplus money remaining in his hands after a chattel mortgage foreclosure sale which took place more than three years before this action was commenced. The complaint fails to show that plaintiff has paid to the rightful owner the money in question or any part of it or that any action has been commenced or is pending against him on account thereof. Therefore the allegation of the answer is true that plaintiff is now protected against loss by the three-year limitation of section 7702, G. S. 1913 (section 9192, G. S. 1923). That statute bars an action "against a sheriff, coroner, or constable for any act done in his official capacity and in virtue of his office, or for any omission of an official duty, including the nonpayment of money collected or received on a judgment or execution," unless it is commenced within three years from the accrual of the cause of action.

Here, under the allegation of the complaint, the cause of action against the deputy and his principal, plaintiff, must be deemed to have accrued more than three years before the commencement of this action. It is clear therefore that any action against the sheriff is barred. In consequence he has suffered no damage, can suffer none, and the judgment in favor of the surety was right.

There is nothing in Adams v. Overboe, 105 Minn. 295, 117 N. W. 496, suggesting a different result. In that case the liability of the sheriff not only had accrued within the three year statutory limit, but an action had been commenced thereon and prosecuted to judgment against the sheriff.

Judgment affirmed.